UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

THORP FAMILY ESTATE & TRUST AND
KENT DANIEL THORP,

          Plaintiffs,

       v.                               Case No. 20-C-984

MARJORIE EPPERS SPATARO, et al.,

          Defendants.

## ORDER DISMISSING ACTION

Plaintiffs Thorp Family Estate & Trust and Kent Daniel Thorp, proceeding without counsel, have commenced this lawsuit alleging the breach of a land contract against Defendants Marjorie Eppers Spataro, Daryl Waters, and Waters Legal Service LLC. Notwithstanding the fact that Plaintiffs have paid the filing fee, the court has a duty to review the complaint and dismiss the complaint if it appears it fails to state a claim upon which relief can be granted or if the court lacks the authority to exercise jurisdiction over the matter. *See Hoskins v. Polestra*, 320 F.3d 761, 763 (7th Cir. 2003); *see also Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 678 (7th Cir. 2006) ("federal courts are required to police their jurisdiction."). Subject matter jurisdiction cannot be waived and may be "raised *sua sponte* by the court at any point in the proceedings." *Hawxhurst v. Pettibone Corp.*, 40 F.3d 175, 179 (7th Cir. 1994). In other words, this court cannot hear this action if it lacks subject matter jurisdiction, established through diversity citizenship of the parties under 28 U.S.C. § 1332 or pursuant to a federal question under 28 U.S.C. § 1331.

As far as the court is able to discern from the pleadings (the "Affidavit of Fact in Support of Claim," Dkt. No. 1), Plaintiffs allege that a land contract was entered into with Defendant Marjorie Eppers Spataro and Umberto Spataro (now deceased) pursuant to which Plaintiff agreed to pay $67,600 for a piece of property in $1,200 installments, with an initial $10,000 deposit. The property appears to have been in Marinette County, as Plaintiffs claim the land contract was never recorded by Marjorie Spataro with that county's recorder. Plaintiffs allege that Marjorie Spataro refuses to accept Plaintiffs' final payment in full for the land contract and refuses to put the land in Plaintiffs' name. Marjorie Spataro's attorney, Daryl Waters, and his law firm are also somehow involved, according to the allegations.

The complaint fails to establish that the court has subject matter jurisdiction over this action—either by presenting a federal question or asserting diversity jurisdiction. Plaintiffs have the burden of proving subject matter jurisdiction exists. *Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). Federal district courts have original jurisdiction over complaints that present a federal question, meaning "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A state law breach of contract claim over real property is not by itself a federal question.

Nor does the complaint establish that diversity jurisdiction exists. Diversity jurisdiction requires complete diversity of citizenship among the parties and the amount in controversy to exceed $75,000. 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." *Howell v. Tribune Entm't Co.*, 106 F.3d 215, 217 (7th Cir. 1997). The complaint identifies Marjorie Spataro as a Wisconsin resident and Daryl Waters as an attorney licensed in Wisconsin, with a Wisconsin address for his law firm. Plaintiffs have not provided their county

of residence, but the Clerk was provided a notice address in Wausaukee, Wisconsin for Plaintiff Kent Thorp. Plaintiffs also allege the contract was for $67,600, placing the amount in controversy below the $75,000 threshold necessary to establish diversity jurisdiction. Based on these facts, it is clear from the face of the complaint that diversity jurisdiction does not exist.

In sum, there is no basis for federal jurisdiction over the dispute. Plaintiffs must seek whatever relief they may be entitled to in state court. This action is dismissed for lack of federal jurisdiction. The Clerk is directed to enter judgment accordingly.

**SO ORDERED** at Green Bay, Wisconsin this 2nd day of July, 2020.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
